IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| ADRIAN DESHUN DELK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-1275-JDT-cgc |
| | ) | |
| HARDEMAN COUNTY | ) | |
| CORRECTIONAL FACILITY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON PENDING MOTIONS

On October 21, 2016, Plaintiff Adrian Deshun Delk, an inmate at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis* and a motion to appoint counsel. (ECF Nos. 1, 3 & 4.) The Court subsequently granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.)

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v.*

*Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted).

This case is currently undergoing screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. At this time, Plaintiff has not sufficiently demonstrated that the Court should exercise its discretion to appoint counsel. Therefore, the motion for appointment of counsel (ECF No. 4) is DENIED.

On December 5, 2016, Plaintiff filed a motion requesting that process be issued for the Defendants. (ECF No. 11.) However, as stated, this case is still undergoing screening. Process will not be issued unless and until the Court determines that Plaintiff's claims should be allowed to go forward. Therefore, the motion to issue process is DENIED at this time.

The initiating documents in this case consist of a 27-page complaint, 137 pages of exhibits, and 46 additional pages of medical records. (ECF Nos. 1 & 2.) Since that filing, Plaintiff has submitted many additional exhibits and "evidence." (ECF Nos. 12, 14, 15, 17 to 22, 24 & 26). Including those submitted with the complaint itself, there are now some 342 pages of exhibits in the record.

At this stage of the litigation, Plaintiff is not required to submit the evidence he may have to support his claims. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires pleadings to contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." While well-chosen exhibits can often be helpful in clarifying some claims, Plaintiff has submitted so many exhibits, on such a continual basis, that they have become merely confusing, hindering the Court in its obligation to screen the complaint.

Nevertheless, the Court will not strike Plaintiff's documents and GRANTS the pending motions to file the exhibits. (ECF Nos. 12, 14, 15, 17 & 20.) However, in order to simply the screening process, the Court declines to consider those additional documents at this time. In determining whether this case should go forward, the Court will consider only the allegations of the complaint itself. If the case survives screening, Plaintiff may ask for his exhibits to be considered at a later time, such as in support of or in opposition to a dispositive motion. Accordingly, Plaintiff should refrain from filing any additional exhibits until a more appropriate time.

IT IS SO ORDERED.

               s/ **James D. Todd**
              JAMES D. TODD
              UNITED STATES DISTRICT JUDGE