# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| ADRIAN DESHUN DELK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 16-1275-JDT-cgc |
| ) | |
| HARDEMAN COUNTY ) | |
| CORRECTIONAL FACILITY, ET AL., ) | |
| ) | |
| Defendants. ) | |

### ORDER DENYING PLAINTIFF'S MOTION TO SEAL AND DIRECTING PLAINTIFF TO FILE A NON-PRISONER *IN FORMA PAUPERIS* AFFIDAVIT OR PAY THE REMAINING PORTION OF THE CIVIL FILING FEE

The *pro se* Plaintiff, Adrian Deshun Delk, has filed a motion advising the Court that he was released from prison on November 12, 2019, and requesting that his new address of record be sealed and not provided to the Defendants. (ECF No. 44.) The Clerk filed the motion under seal pending a ruling by the Court.

Delk contends that his personal contact information should be sealed "due to security and privacy concerns arising out of the Defendants soliciting his murder while he was incarcerated." (*Id.* at Page ID 1008.) However, such a bare, unsupported assertion does not justify the unusual step of sealing Delk's information. Because he is a *pro se* litigant, the Defendants will be required to serve Delk with any documents they file in this case by mail, which will not be possible if his address is unavailable. Therefore, the motion to seal Delk's contact information is DENIED. The Clerk is DIRECTED to unseal Delk's motion, update his address of record on the docket, and send a copy of this order to him at that new address.

When Delk initially filed this case, he was granted leave to proceed *in forma pauperis*, and the $350 civil filing fee was assessed in accordance with the installment procedures of the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) However, only $37.65 of the filing fee was paid prior to his release. Under these circumstances, the Sixth Circuit has held "the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Delk must either renew his pauper status or pay the remainder of the civil filing fee. Therefore, he is ORDERED to submit, on or before December 5, 2019, either a properly completed and signed non-prisoner *in forma pauperis* affidavit or the remaining $362.35 of the $400 civil filing fee.[1] The Clerk shall mail Delk a copy of the non-prisoner *in forma pauperis* affidavit form along with this order.

Failure to comply with this order in a timely manner will result in the dismissal of this action without further notice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] The civil filing fee is $350. 28 U.S.C. § 1914(a). Under § 1914(b) and the Schedule of Fees set out following the statute, an administrative fee of $50 for filing any civil case also is required. Because that additional $50 fee does not apply if leave to proceed *in forma pauperis* is granted, only the $350 fee was assessed in the initial fee order. However, if Delk does not renew his pauper status he will be responsible for the entire $400 fee.